UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

SHERRY STAIR,

      Plaintiff,                              DEMAND FOR JURY TRIAL

-vs-                                      Case No.
                                            Hon.

DORSEY THORNTON & ASSOCIATES LLC,

      Defendant.

## COMPLAINT & JURY DEMAND

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

4. The Plaintiff to this lawsuit resides in Detroit, Michigan in Wayne County.

5. Dorsey Thornton & Associates LLC, ("DT&ALLC") is a corporation doing business in Michigan.

**Venue**

6. The transactions and occurrences which give rise to this action occurred in Wayne County.

7. Venue is proper in the Eastern District of Michigan.

**General Allegations**

8. Within one year prior to the filing of this complaint, the Defendant left a recorded message ("first phone message") on the Plaintiff's phone recording system.

9. In the first phone message, the Defendant stated, "This recording is to serve notification that you're currently being investigated for check fraud by the Criminal Investigations Division of DTA. To speak with an agent, please press 1. If you are receiving this recording on a voicemail, you have 24 hours for you and/or your attorney to return this call at (404)935-9487 or (404)935-9490."

10. Within one year prior to the filing of this complaint, the Defendant left a recorded message ("second phone message") on the Plaintiff's phone recording system.

11. In the second phone message, the Defendant stated, ""Hello. This message is intended for a Sherry Stair. This is the Check Fraud Investigations Department at Dorsey, Thornton & Associates calling to serve notification that there has been a complaint filed here in our office in which your name and telephone number, along with your social security number - last 4 ending in XXXX, has been referenced in a fraudulent matter that is currently being investigated at this time. Before this investigation leads to its finalization stages and is forwarded over to your residing County of Wayne County Solicitor's Office for final

review."

12. Within one year prior to the filing of this complaint, the Defendant left a recorded message ("third phone message") on the Plaintiff's phone recording system.

13. In the third phone message, the Defendant stated, "Your case is pending here in the office of DTA. A settlement has been approved to close your file. Please press 1 to speak with a settlement agent in charge of your case."

## COUNT I – Fair Debt Collection Practices Act (DT&ALLC)

14. Ms. Stair incorporates the preceding allegations by reference.

15. At all relevant times DT&ALLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. DT&ALLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

18. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. MKS. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (F.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAT, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

19. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11)

3

because:

    a.    The messages do not contain the warning required by 15 U.S.C. §1692e(11).

    b.    The messages did not meaningfully identify defendant.

20. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the placement of telephone calls without meaningful disclosure of the caller's identity.

21. § 1692e provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

22. DT&ALLC's foregoing acts in attempting to collect this alleged debt against Ms. Stair constitute violations of the FDCPA.

23. Ms. Stair has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (DT&ALLC)

24. Ms. Stair incorporates the preceding allegations by reference.

25. DT&ALLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

26. Ms. Stair is a debtor as that term is defined in M.C.L. § 339.901(f).

27. DT&ALLC's foregoing acts in attempting to collect this alleged debt against Ms. Stair constitute violations of the Occupational Code.

28. Ms. Stair has suffered damages as a result of these violations of the Michigan Occupational Code.

### Demand for Jury Trial

29. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY, Ms. Stair requests that the Court:*

*a.   Assume jurisdiction over all claims;.*

*b.   Award actual damages.*

*c.   Award statutory damages.*

*d.   Award punitive damages.*

*e.   Award statutory costs and attorney fees.*

          Respectfully Submitted,

          ADAM G. TAUB & ASSOCIATES
          CONSUMER LAW GROUP, PLC

          By:   s/ Adam G. Taub
                Adam G. Taub (P48703)
                Attorney for Sherry Stair
                17200 West 10 Mile Rd. Suite 200
                Southfield, MI 48075
                Phone: (248) 746-3790
                Email: adamgtaub@clgplc.net

Dated: October 21, 2011